

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00217-CR

## EX PARTE ESTEBAN REYNA

**From the County Court
Navarro County, Texas
Trial Court No. 35561**

## ABATEMENT ORDER

This is an appeal of the trial court's denial of Esteban Reyna's application for writ of habeas corpus. Reyna's application asserts that in 2010 he was charged with a felony DWI based on two prior DWI convictions, including the underlying 1990 misdemeanor conviction that is the subject of his habeas application. The gist of Reyna's request for habeas relief in the form of setting aside this 1990 conviction is that his guilty plea was involuntary.

In originally denying Reyna habeas corpus relief, the trial court issued findings of fact and conclusions of law. One of the conclusions of law is: "Too much time has elapsed between the misdemeanor conviction and the filing of the Application for Habeas Corpus and the same should be denied on this basis."

Reyna's fifth issue contests the trial court's laches conclusion—that "too much time has elapsed" between Reyna's misdemeanor conviction and the filing of his habeas application. The guilty plea at issue occurred on December 21, 1990, and Reyna's application for writ of habeas corpus was filed a little over twenty years later, on March 30, 2011.

The Court of Criminal Appeals recently modified "the parameters of the equitable doctrine of laches as it applies to bar a long-delayed application for a writ of habeas corpus." *Ex parte Perez*, 398 S.W.3d 206, 208 (Tex. Crim. App. 2013).

> Recognizing that our current approach to laches in the habeas corpus context has imposed an unreasonably heavy burden upon the State, we now adopt a revised approach that is consistent with the Texas common-law definition of that doctrine. In doing so, we expand the definition of prejudice under the existing laches standard to incorporate all forms of prejudice so that a court may consider the totality of the circumstances in deciding whether to hold an application barred by laches. Our revised approach is motivated by our recognition that the current laches standard is too rigid and, as a result, some applicants have been permitted to seek post-conviction relief despite excessive and unjustified delays that have prejudiced the State's ability to defend long-standing convictions. This approach has failed to account for the State's interest in finality and is incompatible with fundamental principles of fairness and equity, which must underlie any grant of habeas corpus relief.

*Id.*

Before *Perez*, the State had the burden of (1) making a particularized showing of prejudice to its ability to respond to the allegations in the application, (2) showing that the prejudice was caused by the applicant having filed a late petition, and (3) showing that the applicant has not acted with reasonable diligence as a matter of law. *See Ex parte Wolf*, 296 S.W.3d 160, 167 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing

*Ex parte Carrio*, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999)). In *Perez*, the Court of Criminal Appeals described the State's burden under prior law as "unreasonably heavy" and "impossibly high." 398 S.W.3d at 208, 214. In this case, the State did not submit evidence on laches.

Under *Perez*, (1) the State is not required to make a "particularized showing of prejudice" so that courts may more broadly consider material prejudice resulting from delay, and (2) the definition of prejudice is expanded to permit consideration of anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant, so that a court may consider the totality of the circumstances in deciding whether to grant equitable relief. *Id.* at 215. This approach permits "courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Id.* at 216.

It "may be proper to consider, among all relevant circumstances, factors such as the length of the applicant's delay in filing the application, the reasons for the delay, and the degree and type of prejudice resulting from the delay." *Id.* at 217. "In considering whether prejudice has been shown, a court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial. … If prejudice to the State is shown, a court must then weigh that prejudice against any equitable considerations that militate in favor of granting habeas relief." *Id.*

With respect to the degree of proof required, the extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay. This "sliding scale" approach is analogous to the flexible burden of proof applicable to speedy-trial claims. … Here, similarly, the longer an applicant delays filing his application, and particularly when an applicant delays filing for much more than five years after conclusion of direct appeals, the less evidence the State must put forth in order to demonstrate prejudice. The rationale for this sliding-scale approach is based on the common-sense understanding that the longer a case has been delayed, the more likely it is that the reliability of a retrial has been compromised.

*Id.* at 217-18.

The Court of Criminal Appeals would not identify a precise period of time after which laches necessarily applies, but it recognized that "delays of more than five years may generally be considered unreasonable in the absence of any justification for the delay." *Id.* at 216 n.12.

In *Perez*, the Court of Criminal Appeals remanded the case to the trial court so that the parties could be afforded the opportunity to produce additional evidence in light of the revised approach to the doctrine of laches. *Id.* at 219. Therefore, we abate this appeal again and remand this case to the trial court for an evidentiary hearing on the issue of laches and for the trial court to issue additional findings of fact and conclusions of law.

**The evidentiary hearing shall be conducted within 21 days of the date of this order.** The supplemental clerk's record containing the additional findings of fact and conclusions of law and the supplemental reporter's record are ordered to be filed within 35 days of the date of this order.

Within 20 days of the filing of the supplemental record, either party may file a supplemental brief on the issue of laches.  Any brief in response shall be filed within 10 days of the filing of the brief being responded to.  Absent extraordinary circumstances, no motions for extension of time to file a supplemental brief will be entertained.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Abated
Order issued and filed September 19, 2013
Do not publish